IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUSTIN MICHAEL CREDICO : CIVIL ACTION
:
v. :
:
ASHDEN FEIN : NO. 13-4523

MEMORANDUM

SÁNCHEZ, J.                                                                             OCTOBER 22nd, 2013

    Plaintiff Justin Michael Credico, a prisoner incarcerated at the Chester County Prison, filed this action against Major Ashden Fein, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), based on his allegations that Fein defamed him and violated his constitutional rights by making certain comments in the trial of Pfc. Bradley Manning. For the following reasons, plaintiff's claims are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I.   FACTS

    The Court takes judicial notice of the fact that Fein was the military prosecutor in the criminal case against Pfc. Bradley Manning based on Manning's leaking of classified documents to Wikileaks. See Charlie Savage, In Closing Argument, Prosecutor Casts Solider as 'Anarchist' for Leaking Archives, N.Y. Times, July 26, 2013, at A14. The Court also takes judicial notice of the fact that, in his closing argument, Fein described Manning as an "anarchist" and "traitor," and described Wikileaks staff as "essentially information anarchists." Id.

    Plaintiff's complaint is based on the remarks that Fein made

1

in his closing, in particular, his "comment to the courts concerning Bradley Manning; and other hackers who associate or communicated with Wikileaks and/or Julian Assange: 'Bradley Manning is/was a traitor who reveals secrets to groups of anarchist[s].'" Compl. ¶ II.D. Plaintiff alleges that he read about Fein's statements in the Philadelphia Daily News, and that the statements defamed him because, like Manning, he has emailed Wikileaks about government "wrongdoings." Id. Thus, plaintiff believes that he will be labeled as an anarchist, which may affect his ability to obtain a job in computers. He also believes that Fein's comments constitute retaliation against him and/or an effort to censor him.

Accordingly, plaintiff brought this action against Fein, in his individual and official capacity. He seeks $75,000 in damages, and declaratory and injunctive relief "allowing association to wikileaks press/media groups."[1] Compl. ¶ V.

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if, among other things, it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v.

---

[1] Plaintiff requests that relief even though nothing in the complaint suggests he is being prevented from communicating with Wikileaks if he so desires.

Williams, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995).

### III. ANALYSIS

To the extent plaintiff brings claims against Fein in his official capacity, those claims, which are essentially claims against the United States, lack merit because the United States is entitled to sovereign immunity. See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). Nor is there any legal basis for plaintiff's claims against Fein in his individual capacity, because prosecutorial immunity shields prosecutors from liability in a civil rights action based on their "activities [that are] intimately associated with the judicial phase of the criminal process." See Imbler v. Pactman, 424 U.S. 409, 430 (1976); Schrob v. Catterson, 948 F.2d 1402, 1408-09 (1991). Absolute immunity also renders any state law claims against Fein legally meritless. See Durham v. McElynn, 772 A.2d 68, 69-70 (Pa. 2001). In any event, the facts alleged in the complaint simply do not support a claim against Fein.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint as legally meritless pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013). Plaintiff will not be permitted to amend his complaint because amendment would be futile. An appropriate order follows.